IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:21-cr-00022 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CRYSTAL DAWN BOONE ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER DENYING APPEAL OF BOND REVOCATION**

This matter is before the court on Crystal Dawn Boone's motion for review of the magistrate judge's order revoking bond. (Dkt. No. 35.) The court held a hearing on Boone's appeal on July 26, 2021. (Dkt. No. 38.) For the reasons stated below, and for the reasons stated on the record at the hearing, Boone's appeal is denied.

I. BACKGROUND

The magistrate judge held a hearing on July 21, 2021, (Dkt. Nos. 32, 33) and entered an order of detention on July 23, 2021 (Dkt. No. 37). At the hearing, the magistrate judge heard testimony from probation officer Kim Falatic. The evidence reflected that on three occasions, since being admitted to bond, Boone has tested positive or admitted to the use of methamphetamine and amphetamine. Defendant was engaged in drug use moments before the first home visit by probation. Moreover, defendant's guilty plea was halted and rescheduled when she was tested and found positive for drugs. The evidence also demonstrated that, at times, defendant had not been in contact with her supervising officer, changed phone numbers, and moved without reporting her whereabouts.

The magistrate judge found that defendant's continued use of methamphetamine is a danger to the community. (Dkt. No. 32.) The court did not make a finding based on flight risk.

## II.  ANALYSIS

The court first addresses procedural arguments made by defendant.  Defendant initially argues that the order of detention states that the matter was before the court on the motion of the government pursuant to 18 U.S.C. § 3142(f)(1).  (*Id.*)  Because of this, defendant argues that the matter is not properly before this judge.  It is clear to the court, as it was to the magistrate judge, that this matter was brought and decided pursuant to 18 U.S.C. § 3148 for revocation of release.  The notation on the order of detention is simply incorrect, and the court proceeded pursuant to 18 U.S.C. § 3148(b).

Second, defendant argues that this matter is not properly before the court because it was not initiated by the government as allegedly required by § 3148(b), which provides that the "attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court."  Defendant did not cite any case law to the court in its brief, but the court found several cases discussing this issue, none of it binding.  While some cases have held that the government must initiate a § 3148 proceeding, *see, e.g.*, *United States v. Herrera*, 29 F. Supp. 2d 756 (N.D. Tex. 1998), the weight of authority rejects that position and finds that revocation can be initiated by the court when pretrial services informs the court of an alleged violation.  *See, e.g.*, *United States v. Pargellis*, No. 3:19-cr-00272-3, 2020 WL 5581361, at *1 (M.D. Tenn. Sept. 17, 2020) (noting that *Herrera* "is nonbinding and the cases following its narrow interpretation of § 3148 'have gained little traction and have been largely overlooked'") (quoting *United States v. Blechman*, 782 F. Supp. 2d 1238, 1256 n.6 (D. Kan. 2011)).

The court adopts the persuasive analysis of this issue set forth in *United States v. Roland*, which "fundamentally disagreed with the holding reached in *Herrera*," and held that the plain

language of § 3148 authorizes the court to "initiate a proceeding, independently from the Government attorney, for revocation of release . . . when U.S. Pretrial Services informs the Court, by petition, of an alleged violation." No. 1:05MJ111, 2005 WL 2318866, at *2, *5 (E.D. Va. Aug. 31, 2005).

Given the adoption of the reasoning in *Roland*, the court then reviews § 3148(b), which provides that the court "shall enter an order of revocation and detention" if the court

> (1) finds that there is—
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

Section 3148(b) further provides that "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." In reviewing a motion to revoke or amend an order of detention, the court reviews the magistrate judge's order de novo. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). In so doing, the court "must make an independent determination of the proper pretrial detention or conditions of release." *Id.*

As the court explained at the hearing, there is probable cause to believe that defendant committed a state felony by possessing methamphetamine in violation of Virginia Code § 18.2-250.  Because she tested positive for methamphetamine, and now admits to being an abuser of methamphetamine, the court equates these positive tests to possession.  Thus, there is a rebuttable presumption that "no condition or combination of conditions will assure" that defendant "will not pose a danger to the safety of any other person or the community," and defendant has failed to rebut this presumption.  As a user of methamphetamine, Boone contributes to the drug trade which poses a danger to others and the community.  Moreover, while defendant argued that she did not steal to support her drug habit, it appears that there is probable cause to believe that she was willing to falsify a federal document to procure a firearm for someone unwilling to make the purchase himself/herself in exchange for money.  This conduct is also poses a danger to others and the community.  Accordingly, the court will deny defendant's appeal, affirm the revocation of the bond and pretrial release, and order Boone detained pending further proceedings in this matter.

### III.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Boone's appeal (Dkt. No. 35) is DENIED, the revocation of her bond and pretrial release is AFFIRMED, and Boone is ORDERED DETAINED pending further proceedings in this matter.

The clerk is directed to provide notice of this order to counsel of record.

Entered: July 29, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge